United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOM J. SANTOS,

    Plaintiff,

v.

GOLDEN EAGLE INSURANCE COMPANY, et al.,

    Defendants.

                                 /

No. C 07-01668 CRB

**ORDER**

Plaintiff Tom Santos ("Santos") originally filed this action against Golden Eagle Insurance Company ("Golden Eagle") and Peerless Insurance Company ("Peerless") in Alameda County Superior Court. Peerless removed the case to federal court, putatively on the basis of diversity jurisdiction. Now pending before the Court is Santos' motion to remand. For the reasons set forth below, the motion to remand is hereby GRANTED.

**FACTS**

Santos is a director, officer, and employee of a company called Madcam Computers, Inc. ("Madcam"). See Notice of Removal, Ex. 1, ¶ 1. In a previous action in Alameda County Superior Court, Santos was sued by Apple Computer, Inc. ("Apple"), for allegedly accessing private information belonging to Apple's customers, and for allegedly interfering with Apple's computer system. Id. ¶¶ 11-12. Santos contacted his insurance company, which had issued a policy indemnifying Madcam against claims for "property damage" and

obliging the insurer to defend against lawsuits for such damages. Id. ¶¶ 6-10. The insurer declined to defend the Apple lawsuit and refused to pay claims under the policy. Id. ¶ 13.

This lawsuit followed. Santos alleges that the insurer breached its duty to defend him in the previous lawsuit, and that the insurer breached the insurance contract and its obligation to deal with him in good faith. Id. ¶¶ 20-28 (Duty to Defend); id. ¶¶ 29-33 (Breach of Contract); id. ¶¶ 34-41 (Breach of Implied Covenant of Good Faith and Fair Dealing).

There has been some confusion, however, about whom, exactly, Santos is suing. His original state-court complaint named two defendants: (1) Golden Eagle, allegedly a California corporation, id. ¶ 2, and (2) Peerless, allegedly a New Hampshire corporation, id. ¶ 3. Yet Santos apparently never timely served Golden Eagle with a copy of the complaint, and his initial pleadings in state court suggested that he was proceeding only against Peerless. It appears that there was some discussion between Santos and Peerless about adding another party purportedly named "Golden Eagle Insurance dba Peerless Insurance Company," but no formal pleadings have ever been filed, either in state court or here, referring to such an entity.

Peerless removed the case to federal court on the basis of diversity jurisdiction, asserting that the only parties actually in the case are Santos (a California citizen) and Peerless (a New Hampshire citizen). On the same day, Santos attempted to file an amended complaint in state court naming "Golden Eagle Insurance dba Peerless Insurance Company" as a defendant. Because the case had already been removed to this Court, however, the California court refused to permit Santos to file his amended complaint. Turning his attention to this Court, Santos filed a motion for remand, as well as an amended complaint naming as a defendant "Golden Eagle Insurance," which is, according to the amended complaint, "an entity of form unknown." Am. Compl. ¶ 2.

**DISCUSSION**

Santos argues that remand is necessary because Golden Eagle is still a party in the case, and although he has been unable to identify exactly what that entity is, he is quite sure that it is a citizen of California for purposes of jurisdictional analysis. Defendant argues that the only parties formally involved in the case, *i.e.* Santos and Peerless, are diverse. Peerless

2

is coy, however, about saying exactly what Golden Eagle is. The insurer's moving papers state only that Peerless "has never done business as golden Eagle Insurance dba Peerless Insurance Company" and "is not aware of any entity known as Golden Eagle Insurance dba Peerless Insurance Company." Decl. of Susan L. Merritt ¶ 3.

It is apparent that there is some entity relevant to this lawsuit operating under the name "Golden Eagle." First, the original complaint names such an entity and identifies it as a California corporation. See Notice of Removal, Ex. 1, ¶ 2. Second, the amended complaint names such an entity and identifies it as having its principal place of business in California, though the precise form of the entity is not specified. Am. Compl. ¶ 2 (identifying Golden Eagle as "an entity of form unknown"); see also Decl. of Alan L. Martini ¶ 5 (indicating that Golden Eagle is a "non-related insurance company in receivership"). Third, the declaration of Susan Merritt, which Peerless ostensibly offers in support of its motion suggesting that there is no such entity out there to be sued, identifies her as an employee of "Golden Eagle Insurance Corporation." Decl. of Susan L. Merritt ¶ 1. Fourth, Santos has indicated that the disputed policy itself bears the name of the Golden Eagle Insurance Company, as does the letter sent to Santos denying his claim for benefits. Decl. of Alan L. Martini ¶ 14. Finally, Santos has submitted evidence suggesting that, at least as of March 30, 2007, a company called Golden Eagle Insurance was holding itself out to the public as an ongoing business concern. See Decl. of Alan L. Martini, Ex B.

On this record, the Court finds that Peerless has failed to carry its burden of demonstrating that jurisdiction lies in this Court. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."). Here, a California plaintiff sued California and New Hampshire defendants in state court, asserting only state law claims. Before the plaintiff had an opportunity to amend his complaint to identify that non-diverse defendant precisely (Golden Eagle), a diverse defendant (Peerless) removed the case to federal court, whereupon the California plaintiff amended his complaint to include exactly the same non-diverse

3

1 defendant, albeit with less specific allegations regarding that defendant's corporate form.
2 Thus, on the face of the pleadings, there has *never* been complete diversity in this case, and
3 even after the filing of an amended complaint, it remains the case that California parties are
4 on both sides of the dispute. Under these circumstances, removal was improper. Gaus v.
5 Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there
6 is any doubt as to the right of removal in the first instance."). Removal is proper only when
7 it is clear that there exists a basis for federal jurisdiction, rather than merely when the
8 complaint, or the plaintiff's subsequent actions, provide a "hint" that federal jurisdiction may
9 exist. Harris v. Bankers Life & Casualty Co., 425 F.3d 689, 697 (9th Cir. 2005). Here, there
10 has been no indication in the state court proceedings, and there remains no indication now,
11 that Santos has any intention of abandoning his claims against what appears to be a non-
12 diverse defendant, Golden Eagle, whatever that entity's corporate status may be.

13 Although further discovery might shed some light on exactly what Golden Eagle is,
14 and therefore whether it should be a party in this case, none of the parties have requested
15 such additional discovery, and the Court concludes that jurisdictional discovery is
16 unwarranted in these circumstances. Abrego Abrego v. The Dow Chemical Co., 443 F.3d
17 676, 691-92 (9th Cir. 2006) (holding that a district court is not required, but in its discretion
18 may choose, to permit "jurisdictional discovery" in cases removed from state court). The
19 Court finds it unlikely that Peerless is ignorant of Golden Eagle's true status and citizenship.
20 Indeed, if any party to this litigation is aware of the actual nature of the entity that Santos is
21 attempting to sue, it is probably Peerless, which has a longstanding business relationship with
22 Golden Eagle to provide insurance products. When a party has easy access to information
23 that would resolve the jurisdictional question at issue and yet neglects to provide it, this
24 Court is disinclined to permit that party to conduct additional discovery in order to resolve an
25 issue that it has the burden to prove.

26 Finally, the Court is unimpressed by the argument that Golden Eagle, whatever it is,
27 has been fraudulently joined. The doctrine of fraudulent joinder applies when the complaint
28 fails to state a cause of action against the non-diverse defendants and the failure is obvious

4

according to the settled rules of the state. <u>McCabe v. Gen. Foods Corp.</u>, 811 F.2d 1336, 1339 (9th Cir. 1987). Here, an entity called Golden Eagle put its name on an insurance policy, as well as correspondence rejecting Santos' claim for benefits. Whatever the actual status of Golden Eagle may be--information that, as noted above, is likely in the possession of Peerless--it cannot be said that Santos' claims against that entity are frivolous, nor that their frivolous nature is obvious under California law. To the contrary, if there has been a violation of the terms of the insurance agreement, an issue as to which this Court naturally expresses no opinion at all, the most likely target for a cause of action would appear to be Golden Eagle.

Plaintiff's motion to remand is hereby GRANTED.

**IT IS SO ORDERED.**

Dated: May 9, 2007

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE